T.C. Memo. 2007-163

UNITED STATES TAX COURT

ROGER PAVLICA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5861-06L.                    Filed June 21, 2007.

<u>Frederick J. O'Laughlin</u>, for petitioner.

<u>Abbey B. Garber</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  Petitioner seeks review of respondent's notice of determination sustaining respondent's notice of levy relating to petitioner's 1997, 1998, 1999, and 2001 Federal income tax liabilities.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

The issue for decision is whether respondent's Appeals Office abused its discretion in sustaining respondent's notice of levy.

## Background

The essential facts of this case were stipulated and are so found.

At the time the petition was filed, petitioner resided in Dallas, Texas.

For 1997, 1998, 1999, 2000, and 2001, petitioner failed to file individual Federal income tax returns.

On or about October 17, 2003, respondent mailed to petitioner notices of deficiency determining deficiencies in petitioner's Federal income taxes for 1997 through 2000 of $6,305, $4,986, $4,234, and $33,831, respectively, and for 2001 an amount not disclosed in the record.

On January 14, 2004, in docket Nos. 1053-04, 1054-04, 1055-04, and 1056-04, petitioner filed separate petitions relating to the above notices of deficiency for 1997 through 2000.

Petitioner did not file a petition with regard to the above notice of deficiency for 2001, and on November 29, 2004, respondent assessed the tax deficiency against petitioner for 2001.

On December 15, 2004, after the parties had agreed to a settlement of all issues, we entered decisions in the above four dockets in which the parties stipulated deficiencies in petitioner's Federal income taxes for 1997, 1998, 1999, and 2000 of $6,085, $4,986, $4,234, and $1,166, respectively. The parties also stipulated that petitioner had fully paid the tax deficiency for 2000.

On June 23, 2005, respondent mailed to petitioner a notice of levy relating to the above Federal income tax deficiencies for 1997, 1998, 1999, and 2001.

On July 19, 2005, petitioner mailed to respondent a written request for a section 6330 Appeals Office hearing relating to respondent's June 23, 2005, levy notice. In petitioner's written Appeals Office hearing request, petitioner's only request was that he be allowed to pay his above Federal income tax deficiencies in installments.

On February 14, 2006, petitioner's attorney held a face-to-face hearing with respondent's Appeals officer. At the hearing, petitioner's attorney's only request was that petitioner be allowed to enter into an installment agreement.

As of the February 14, 2006, hearing date, petitioner had not filed his Federal income tax return for 2004.

On March 15, 2006, respondent's Appeals Office mailed to petitioner an adverse notice of determination sustaining

respondent's notice of levy and citing petitioner's failure to file his Federal income tax returns as a factor.

On October 27, 2006, petitioner late filed with respondent his Federal income tax return for 2004.

## Discussion

Generally, under section 6331(a) respondent may lawfully collect by levy upon property belonging to a taxpayer outstanding taxes which remain unpaid 10 days after respondent's notice and demand therefor.

Prior to making a levy upon a taxpayer's property, respondent must give to the taxpayer written notice of both the proposed levy and of the taxpayer's right to an Appeals Office hearing relating to the proposed levy. Secs. 6330(a), 6331(d)(1), (4).

In such a hearing, respondent is to verify whether the requirements of applicable law and administrative procedure have been met and consider other appropriate issues such as collection alternatives raised by the taxpayer. Sec. 6330(c).

Under section 6330(c)(3)(C), respondent also is to consider whether respondent's proposed levy balances the need for efficient collection of taxes with the taxpayer's concern that respondent's collection action be no more intrusive than necessary.

Under section 6330(d)(1), we have jurisdiction to review respondent's notice of determination relating to a section 6330 hearing. Where the underlying Federal income tax liability is not at issue, we review for abuse of discretion respondent's determination adverse to a taxpayer sustaining respondent's collection activity. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Petitioner argues that respondent's Appeals Office should have granted petitioner an installment agreement. Because, however, petitioner had a history of noncompliance with his Federal income tax obligations and was not compliant with his current tax obligations as of the date of the Appeals Office hearing, respondent's Appeals Office did not abuse its discretion in declining to grant petitioner an installment agreement. See Orum v. Commissioner, 412 F.3d 819, 821 (7th Cir. 2005), affg. 123 T.C. 1 (2004) (no abuse of discretion when rejecting an installment agreement from a taxpayer who had a history of not fulfilling Federal income tax obligations); Rodriguez v. Commissioner, T.C. Memo. 2003-153 (no abuse of discretion when rejecting an offer-in-compromise from a taxpayer who had not filed current and previous returns); Londono v. Commissioner, T.C. Memo. 2003-99 (no abuse of discretion when rejecting an offer-in-compromise from a taxpayer who had a history of not fulfilling Federal income tax obligations); McCorkle v.

<u>Commissioner</u>, T.C. Memo. 2003-34 (no abuse of discretion when rejecting an installment agreement from a taxpayer who had not filed a current return).

We sustain respondent's levy.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.