T.C. Memo. 2012-236

UNITED STATES TAX COURT

IRVING L. STARKMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2805-11L.                    Filed August 14, 2012.

Irving L. Starkman, pro se.

<u>Jonathan E. Behrens</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on respondent's motion for

partial summary judgment (motion) pursuant to Rule 121.[1]  Respondent contends

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of
Practice and Procedure, and all section references are to the Internal Revenue Code
(continued...)

[*2] that no genuine issue exists as to any material fact and that the determination to collect petitioner's 2002 income tax liability by levy and the determination to maintain a notice of Federal tax lien (NFTL) filed under section 6323 should be sustained.[2]  Petitioner has not responded to the motion, despite an order from this Court instructing him to do so.[3]

Background

At the time the petition was filed, petitioner resided in Pennsylvania.

Petitioner filed a Federal income tax return for 2002 but failed to pay the $71,526 tax liability reported on the return.  Petitioner entered into an installment agreement with the Internal Revenue Service (IRS) and made payments totaling $6,640 between March 21, 2009, and July 26, 2010.  On July 26, 2010, petitioner

[1](...continued)
as amended.

[2]The Court will recharacterize respondent's motion for partial summary judgment as a motion for summary judgment for the taxable year 2002.  In our order dated February 16, 2012, we granted respondent's motion to dismiss on the ground of mootness as to the taxable year 2008.  Respondent has not yet released the NFTL filed against petitioner because the same notice was filed with respect to petitioner's income tax liabilities for both the 2002 and 2008 tax years.

[3]On December 9, 2011, the Court ordered petitioner to file a response on or before December 30, 2011.  No response was filed by petitioner.  By order dated January 11, 2012, the Court extended the time for filing petitioner's response until February 1, 2012.  Petitioner did not file a response.

**[*3]** defaulted on the installment agreement because he had not timely filed his 2009 Federal income tax return nor made estimated tax payments for the 2010 tax year.

Respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, dated September 29, 2010, advising him that respondent intended to levy to collect the unpaid tax liability, interest, and penalty and that petitioner could request a hearing with respondent's Office of Appeals. Respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated October 12, 2010, advising petitioner that a notice of Federal tax lien had been filed with respect to his unpaid liability and that he could request a hearing with respondent's Office of Appeals. Petitioner submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he did not contest the underlying liability but instead requested to continue the installment agreement he had previously entered into with the IRS. By letter dated December 13, 2010, respondent's settlement officer acknowledged receipt of petitioner's collection due process (CDP) hearing request. The letter stated that in order for the settlement officer to schedule an Appeals hearing to consider his request for an installment agreement, petitioner needed to provide by December 27, 2010, a signed copy of his 2009 Federal

[*4] income tax return and proof that he was current with his 2010 estimated tax payments.

During the telephone conference on December 21, 2010, petitioner's representative, Morris Kurtzman, informed the settlement officer that petitioner's 2009 Federal income tax return would not be completed by the deadline and that petitioner lacked the funds necessary to make estimated tax payments for the 2010 tax year. Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated December 30, 2010, sustaining the filing of the NFTL and the proposed levy action.[4] Petitioner timely filed a petition with this Court. As of September 21, 2011, petitioner had fully paid the assessed tax liability for 2002. However, petitioner still had an outstanding balance due of $26,372.51 as of November 30, 2011, for unpaid accrued interest and penalties for the 2002 tax year.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other

---

[4]After the notice of determination was issued, petitioner filed his 2009 Federal income tax return on January 21, 2011, reporting an unpaid tax liability of $44,912.

**[*5]** materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); see Schlosser v. Commissioner, T.C. Memo. 2007-298, 2007 Tax Ct. Memo LEXIS 300, at *6, aff'd, 287 Fed. Appx. 169 (3d Cir. 2008). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). Petitioner failed to respond to respondent's motion and has failed to indicate that there is a genuine

[*6] dispute for trial.[5]  Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6321 provides that, if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.  Section 6323 authorizes the Commissioner to file an NFTL. Pursuant to section 6320(a) the Commissioner must provide the taxpayer with notice of and an opportunity for an administrative review of the propriety of the NFTL filing.  See Katz v. Commissioner, 115 T.C. 329, 333 (2000).

---

[5]By failing to respond to the assertions in the motion, petitioner has waived his right to contest them.  See Rule 121(d); Lunsford v. Commissioner, 117 T.C. 183, 187 (2001); Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at *6.

**[\*7]** If a taxpayer requests a CDP hearing in response to an NFTL or a notice of intent to levy, he may raise at that hearing any relevant issue relating to the unpaid tax, proposed levy, or lien. Sec. 6330(c)(2). Relevant issues include possible alternative means of collection such as an installment agreement. Sec. 6330(c)(2)(A)(iii).

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Petitioner has the burden of proof regarding his underlying liability. See Rule 142(a). A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). Petitioner did not raise his underlying tax liability in his request for a CDP hearing. In his petition he made no specific allegations or arguments regarding the correctness of the underlying tax liability, and he failed to file any response to respondent's motion for summary judgment. Consequently, petitioner's underlying tax liability is not properly before the Court.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182.

**[\*8]** The determination of the Office of Appeals must take into consideration:  (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.  Sec. 6330(c)(3); see Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).  We note that the settlement officer properly based her determination on the factors required by section 6330(c)(3).

In the petition, petitioner requests that the Federal tax lien and proposed levy be withdrawn and that respondent enter into an installment agreement with him. Respondent contends that the settlement officer did not abuse her discretion by denying petitioner's requests for an installment agreement because petitioner had not filed his 2009 Federal income tax return and had not made estimated tax payments for the 2010 tax year.

At the time of the Appeals hearing, petitioner had not timely filed his 2009 Federal income tax return.  Additionally, at the Appeals hearing petitioner's representative informed the settlement officer that petitioner lacked the funds necessary to make estimated tax payments for the 2010 tax year.  We have held that it is not an abuse of discretion for the settlement officer to deny a taxpayer's

[*9] request for an installment agreement when the taxpayer is "not compliant with his current tax obligations as of the date of the Appeals Office hearing". Pavlica v. Commissioner, T.C. Memo. 2007-163, 2007 Tax Ct. Memo LEXIS 163, at *4; see Hartmann v. Commissioner, 351 Fed. Appx. 624, 625 (3d Cir. 2009); see also Internal Revenue Manual pt. 5.14.1.4.1(19) (Sept. 26, 2008) ("Compliance with filing, paying estimated taxes, and federal tax deposits must be current from the date the installment agreement begins."). Therefore, we find that the settlement officer did not abuse her discretion in denying petitioner's requests for an installment agreement.

We hold that the determination to proceed with collection was not an abuse of the settlement officer's discretion, and the proposed collection action is sustained.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion and decision will be entered for respondent.