T.C. Memo. 2012-271

UNITED STATES TAX COURT

CARL E. HOLT, SR., DECEASED,[1] Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5516-11L.                    Filed September 24, 2012.

Carl E. Holt, Sr., pro se.

Amber B. Martin, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge:  This proceeding was commenced in response to a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.

The issues for decision are:  (1) whether petitioner was entitled to raise the validity

---

[1]On August 30, 2012, counsel for respondent filed a status report informing
the Court that petitioner died on August 21, 2012, which was after the trial.  By
order dated August 31, 2012, the caption was amended.

[*2] of the underlying tax liabilities in the collection due process (CDP) hearing; and (2) whether the settlement officer abused his discretion in sustaining respondent's filing of the tax lien and respondent's intent to levy.

All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Tennessee.

Petitioner did not timely file Federal income tax returns for the taxable years 1997, 1998, 1999, and 2000 (years at issue). Respondent issued to petitioner a statutory notice of deficiency for each of the years at issue. Petitioner did not file petitions to contest the deficiency determinations.

Respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, dated September 9, 2009, advising petitioner that respondent intended to levy to collect his unpaid income tax liabilities for the years at issue. Petitioner timely submitted a request for a CDP hearing.

Respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated October 13, 2009, advising petitioner that a notice of Federal tax lien (NFTL) had been filed with respect to his unpaid

[*3] income tax liabilities for the years at issue. Petitioner timely submitted a request for a CDP hearing.

A telephonic CDP hearing was held on August 26, 2010. At the time of the CDP hearing petitioner had not filed his income tax returns for the years at issue and also had not filed returns for other years. At the CDP hearing petitioner disputed the underlying liabilities for the years at issue. Petitioner had previously received a notice of deficiency for each tax year but had not filed timely petitions to contest the deficiency determinations. Petitioner requested an installment agreement or an offer-in-compromise. However, petitioner did not provide the settlement officer with necessary financial information.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated February 9, 2011, sustaining the NFTL and the proposed levy action. Petitioner timely filed a petition with this Court.

## OPINION

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way

**[*4]** of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6321 provides that if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Section 6323 authorizes the Commissioner to file an NFTL. Pursuant to section 6320(a) the Commissioner must provide the taxpayer with notice of and an opportunity for an administrative review of the propriety of the NFTL filing. See Katz v. Commissioner, 115 T.C. 329, 333 (2000).

If a taxpayer requests a CDP hearing in response to an NFTL or a notice of intent to levy, he may raise at that hearing any relevant issue relating to the unpaid tax, the proposed levy, or the lien. Secs. 6330(c)(2), 6320(c). However, section 6330(c)(2)(B) limits the taxpayer's ability to challenge the existence or amount of the underlying tax liability during the hearing. Specifically, the taxpayer may "raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). This Court has held that taxpayers have

**[\*5]** had an opportunity to dispute the underlying tax liability when they have received a notice of deficiency. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182-183 (2000). When the taxpayer declines an opportunity to challenge the underlying liability, section 6330(c)(2)(B) precludes the taxpayer from subsequently contesting the underlying tax liability before the Appeals officer. See Sego v. Commissioner, 114 T.C. at 610-611; Goza v. Commissioner, 114 T.C. at 182-183.

Petitioner received a statutory notice of deficiency for each year at issue. The notices of deficiency provided petitioner with an opportunity to challenge his income tax liabilities. Petitioner failed to petition this Court within the 90-day period prescribed by section 6213(a). As the validity of petitioner's underlying tax liabilities was not properly at issue in the section 6330 hearing, we hold that the validity of the underlying tax liabilities is not properly before this Court. See Goza v. Commissioner, 114 T.C. at 182-183.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. The determination of the Office of Appeals must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure

[*6] have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Secs. 6330(c)(3), 6320(c); see Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). The settlement officer properly based his determination on the factors required by section 6330(c)(3).

Petitioner did not raise in his petition the issue of respondent's denial of his requests for collection alternatives as an abuse of discretion. Therefore, the issue is deemed conceded under Rule 34(b)(4). However, even if petitioner had raised the issue, the settlement officer's rejection of petitioner's request for an installment agreement or an offer-in-compromise was not an abuse of discretion because petitioner was not "'compliant with his current tax obligations as of the date of the * * * [CDP] hearing'". See Starkman v. Commissioner, T.C. Memo. 2012-236, at *8-*9 (quoting Pavlica v. Commissioner, T.C. Memo. 2007-163, 2007 Tax Ct. Memo LEXIS 163, at *4). At the time of trial petitioner did not claim, or produce any evidence, that the settlement officer had abused his discretion. Accordingly, we sustain respondent's filing of the tax lien and respondent's intent to levy on petitioner's property.

**[\*7]**   In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.