T.C. Memo. 2016-4

UNITED STATES TAX COURT

JUNE ASTER BAPTISTE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15852-13L.                    Filed January 6, 2016.

June Aster Baptiste, pro se.

<u>Hanna Klapper</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Petitioner seeks review, pursuant to section 6320, of
respondent's Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330 (notice of determination) sustaining the filing of a
notice of Federal tax lien (NFTL) for petitioner's unpaid income tax liabilities for

[*2] 2006, 2007, 2008, 2009, and 2010.[1]  We have been asked to decide whether the Appeals Office abused its discretion in sustaining respondent's filing of the NFTL.

The matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121.  Petitioner objects to respondent's motion. Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials."  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court will grant summary judgment only if it finds that "there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).  Respondent, as the moving party, bears the burden of showing that summary adjudication is warranted.  See FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000).  We conclude that there is no genuine dispute as to a material fact and that respondent is entitled to judgment as a matter of law sustaining the notice of determination.

## Background

Petitioner filed her income tax returns for 2006, 2007, 2008, 2009, and 2010 with balances due.  On July 11, 2012, respondent filed the NFTL for an amount

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and as in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] totaling $28,493.27.  Respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing.  Petitioner responded by timely submitting Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which she checked the box labeled "I Cannot Pay Balance" and noted: "My social security monthly benefits and unemployment benefits is not enough to cover my rent food and basics.  I have no money for much else".

On November 5, 2012, Settlement Officer Janice Bankston (SO Bankston) mailed to petitioner a letter scheduling a telephone conference for December 6, 2012, and requesting a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.  The letter explained that SO Bankston could not consider any collection alternatives at the conference without the completed Form 433-A.  The next day, SO Bankston sent a letter asking petitioner whether, because of recent storms in New York, she would need additional time to obtain information for the hearing.  Petitioner responded by sending a fax on November 20, 2012, which stated:  "I am requesting additional time in preparation for my consideration hearing scheduled for Dec. 6.  Due to a Hurricane and my temporary relocation and illness, I won't be comfortably ready for my hearing.  Kindly extend it for a later date.  I have tried reaching you on previous occasion by telephone and also I received your letter and notice quite

[*4] late." Neither the November 6 letter from SO Bankston nor the fax from petitioner specified a new hearing date. Petitioner did not provide SO Bankston with a relocation address. On December 6, 2012, petitioner called SO Bankston for the previously scheduled hearing and left a voice mail message. SO Bankston returned the phone call, but petitioner was not available.

On February 28, 2013, SO Bankston called petitioner to discuss the case but again could not reach her. SO Bankston followed the phone call with a letter, dated March 4, 2013, and mailed to petitioner's New York address, rescheduling the telephone conference for March 20, 2013. In the letter SO Bankston reiterated that she needed a completed Form 433-A to consider the issues petitioner raised in her request for a hearing. Additionally, SO Bankston stated that respondent's records showed petitioner had not filed her 2011 Form 1040, U.S. Individual Income Tax Return, and that the return would have to be filed and any tax liability paid before respondent could consider a collection alternative.

Petitioner did not call SO Bankston on March 20, 2013, for the rescheduled hearing. There is no indication or claim that petitioner attempted to contact SO Bankston at any time during March or April 2013. During that period petitioner timely filed her 2012 income tax return with a balance due.

**[\*5]** On May 1, 2013, SO Bankston mailed another letter to petitioner's New York address. In the letter SO Bankston indicated that petitioner's county was no longer a federally declared disaster area, rescheduled the hearing for May 14, 2013, and requested a completed Form 433-A. SO Bankston also called petitioner on May 1, 2013, and left a voice mail message requesting the financial information, informing petitioner of the hearing scheduled for May 14, 2013, warning petitioner that if she did not respond then the case would be closed, and leaving a phone number for a return call. On May 3, 2013, petitioner filed her 2011 income tax return with a balance due.

Petitioner did not call SO Bankston on May 14, 2013, for the hearing scheduled on that date. Instead, she called SO Bankston on May 16, 2013, and left a voice mail message stating she was out of the country on the day of the scheduled hearing. SO Bankston called petitioner one last time on May 28, 2013, but could neither reach petitioner nor leave a message.

On June 11, 2013, SO Bankston issued the notice of determination and mailed it to petitioner's New York address. In the notice of determination SO Bankston sustained the NFTL because petitioner failed to participate in the hearing, failed to present any information or documentation to support her objection to the lien filing and collection alternative, and filed her 2011 and 2012

**[*6]** income tax returns with balances due.  Petitioner filed a timely petition with the Court stating: "A lien would create for me financial hardship.  I would be unable to meet my monthly expenses of shelter and food, and [illegible].  I am now retired at age 71 and have physical limitations which has prevented me from continued employment".  The petition, signed by petitioner, shows her New York address as her mailing address, and the New York address was the address used by the Court.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for tax when a demand for payment has been made and the taxpayer fails to pay.  See Iannone v. Commissioner, 122 T.C. 287, 293 (2004).  For the lien to be valid against certain creditors, however, the Secretary[2] must file notice of the Federal tax lien.  Sec. 6323(a).  Upon such a filing, the Secretary must notify the taxpayer of the right to request a hearing in the Appeals Office.  Sec. 6320(a)(1), (3)(B), (b)(1).

Section 6330(c), (d) (other than paragraph (2)(B) thereof), and (e) governs the conduct of a hearing requested under section 6320.  Sec. 6320(c).  At the

---

[2]The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

[*7] hearing, the Appeals officer must: (1) verify that all requirements of applicable law and administrative procedure have been met, (2) consider any relevant issues raised by the taxpayer, including any appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives, and (3) determine whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c). The taxpayer may challenge the underlying tax liability at the hearing only if the taxpayer did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Section 6330(d)(1) grants this Court jurisdiction to review the administrative determination made by the Appeals Office. If the taxpayer's underlying tax liability is properly in dispute, the Court will review the determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. Id. at 182; see also Williams v. Commissioner, 718 F.3d 89, 92 (2d Cir. 2013); Sego v. Commissioner, 114 T.C. 604, 609-610 (2000).

The underlying tax liabilities are not at issue. The relief requested on petitioner's Form 12153 was limited to issues of her income and expenses and did

**[*8]** not include a challenge to the underlying tax liabilities. Respondent understood that the relief requested did not involve the underlying tax liabilities. Neither does petitioner challenge the underlying tax liabilities in her petition, which lists only financial hardship.

Petitioner raises the underlying tax liabilities for the first time in her letter to the Court dated March 6, 2014, objecting to respondent's motion for summary judgment: "I * * * disagree that I owe all of the amount for which I am charged * * *. It is only recently that I became aware that my tax responsibility should be for a different and lesser amount. I am in the process of having my taxes and forms reviewed and revised and refiled". In the letter petitioner reiterates her inability to pay. She also states that she has resided in Tortola, British Virgin Islands, since 1999 but lists a return address in New York.

This Court's review is generally limited to those issues raised at the hearing. Giamelli v. Commissioner, 129 T.C. 107, 112-114 (2007). Because petitioner did not raise the underlying tax liabilities in her hearing request or in any of her communications with respondent and did not attend any of the scheduled hearings, the Court cannot consider the issue of the underlying tax liabilities. Furthermore, the underlying tax liabilities are deemed conceded as they were not raised in the petition. Rule 331(b)(4) requires a petitioner to list "[c]lear and concise

**[*9]** assignments of each and every error which the petitioner alleges to have been committed in the notice of determination.  Any issue not raised in the assignments of error shall be deemed to be conceded."  Since petitioner did not raise the underlying tax liabilities at the hearing or in her petition, she is not entitled to raise them in this proceeding.

We next turn to whether SO Bankston abused her discretion in issuing the notice of determination.  We will reject the determination of the Appeals Office only if the determination was arbitrary, capricious, or without sound basis in fact or law.  Goza v. Commissioner, 114 T.C. at 181-182; see also Estate of Gardner v. Commissioner, 82 T.C. 989, 998 (1984) ("[W]e need only ask whether [the Government exercised its discretion] in a rational, nonarbitrary, and regular fashion." (citing Hondros v. United States Civil Serv. Comm'n, 720 F.2d 278, 294 (3d Cir. 1983))).  An abuse of discretion would include, for example, instances in which the Appeals Office made its decision "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group".  Estate of Gardner v. Commissioner, 82 T.C. at 1000 (quoting Wong Wing Hang v. INS, 360 F.2d 715, 719 (2d Cir. 1966)).

**[\*10]** We do not substitute our judgment for that of the Appeals Office, meaning we do not decide independently whether we believe that the lien notice should be withdrawn. See Mailman v. Commissioner, 91 T.C. 1079, 1082-1084 (1988). Instead, we consider whether, in the course of making its determination, the Appeals Office complied with the requirements of section 6330(c) listed above.

SO Bankston verified that the requirements of applicable law and administrative procedure had been met. She could not consider the collection alternative requested by petitioner because, despite multiple requests for information over a span of seven months, petitioner never provided the Form 433-A or any information in support of the proposed collection alternative. Additionally, petitioner failed to participate in either of the scheduled hearings. Failure to provide financial information or to participate in the hearing is an appropriate basis for rejecting a collection alternative. See, e.g., Newstat v. Commissioner, T.C. Memo. 2005-262, 2005 WL 3068347, at \*5 (Court upheld levy action despite being "sympathetic to \* \* \* [taxpayer's] health and economic situation" because taxpayer failed to provide financial information at hearing); Taylor v. Commissioner, T.C. Memo. 2004-25, 2004 WL 193575, at \*2 ("Once a taxpayer has been given an opportunity for a hearing but fails to avail herself of that opportunity, the Appeals officer may proceed in making a determination by

**[*11]** reviewing the case file."), <u>aff'd</u>, 130 F. App'x 934 (9th Cir. 2005). In the absence of any financial statement, and without having the benefit of the knowledge of any of petitioner's resources or commitments, SO Bankston was required to determine whether the proposed collection action balanced the need for the efficient collection of taxes with petitioner's legitimate concern that any collection action be no more intrusive than necessary.

Petitioner has introduced no evidence or alleged any fact that would allow us to conclude that the determination to uphold the NFTL and reject petitioner's requested collection alternative was arbitrary, capricious, or without sound basis in fact. Petitioner did not and does not allege that she at any time submitted the requested and required financial information to SO Bankston. Petitioner does not allege that she had insufficient time to gather her documents or that she failed to receive SO Bankston's communications. We hold that the Appeals Office did not abuse its discretion when it issued a notice of determination rejecting petitioner's collection alternative and upholding the NFTL.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

[*12] To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.