T.C. Memo. 2020-36

UNITED STATES TAX COURT

VALERIE R. BISHOP, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23283-18L.                          Filed March 17, 2020.

Thaddeus V. Day, for petitioner.

Molly H. Donohue and Nina P. Ching, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case petitioner seeks

review pursuant to section 6330(d)(1)[1] of a determination by the Internal Revenue

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] Service (IRS or respondent) to sustain a collection action. The questions for decision are: (1) whether petitioner may challenge her underlying tax liabilities in this proceeding and (2) whether the settlement officer (SO) abused her discretion in upholding a proposed levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that the SO's determination to sustain the collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations, affidavits, and exhibits. Petitioner resided in Maine when she filed her petition.

Petitioner filed delinquent Federal income tax returns for 2013 and 2014 reporting self-employment income. (Petitioner's income tax liabilities were joint liabilities with her spouse, who is not a party to this case.) For each year she failed to pay, through estimated tax payments or otherwise, the tax shown as due on her return. The IRS assessed the tax shown as due and additions to tax for failure to timely file, failure to pay, and failure to make estimated tax payments. See secs. 6654, 6651(a)(1) and (2). As of March 2018 petitioner's outstanding liabilities for these years (including interest) were $30,744.

**[*3]** In an effort to collect these unpaid liabilities the IRS sent petitioner a notice of intent to levy, and her representative timely requested a CDP hearing. On April 25, 2018, a revenue agent (RA) called petitioner's representative and asked him to submit a Form 2848, Power of Attorney and Declaration of Representative, and to specify the collection alternative (if any) that petitioner was seeking. On June 1, 2018, petitioner's representative called the RA and expressed the belief that petitioner had an existing installment agreement (IA). But IRS records showed that petitioner's IA had been terminated in January 2018 because of her failure to file returns and make required estimated tax payments.

On June 6, 2018, the RA sent transcripts of petitioner's account to her representative (as he had requested) and explained that the case was being transferred to the IRS Appeals Office for a CDP hearing. The case was assigned to an SO in Philadelphia, Pennsylvania. The SO verified that the tax liabilities had been properly assessed and that all other requirements of applicable law and administrative procedure had been met. On July 3, 2018, the SO sent petitioner and her representative a letter scheduling a telephone CDP hearing for August 8, 2018. The letter informed petitioner that, in order for the SO to consider a collection alternative, petitioner needed to provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and signed copies of

[*4] tax returns for 2015-2017. The SO asked that petitioner submit these documents before the hearing, but she did not do so.

A telephone hearing was held as scheduled. Petitioner's representative requested additional time to submit a Form 433-A and tax returns for 2015-2017. The SO granted a 14-day extension. After submitting nothing by August 23, 2018, petitioner's representative called the SO to request additional time. The SO agreed to extend the deadline to August 31.

Having received nothing by September 10, 2018, the SO called the representative and left a message stating that the documents needed to be submitted immediately. Petitioner's representative called the SO the next day and asked for another week. The SO permitted this third extension but advised the representative that if the returns were not filed by September 18, 2018, she would close the case.

On September 18, 2018, the SO received faxed copies of returns for 2015-2017 reporting tax liabilities of $10,105, $7,772, and $9,700, respectively. On the basis of the 2017 return the SO determined that petitioner would need to make an estimated payment of $7,275 for 2018 in order to be eligible for a collection alternative. On September 20, 2018, she informed the representative of that fact.

Petitioner's representative called the SO a week later and said that petitioner was unable to make the estimated tax payment. The SO advised that if petitioner

[*5] had the ability to make the estimated tax payment but declined to do so, then she would not be eligible for an IA. The SO requested a completed Form 433-A in order to evaluate petitioner's ability to pay.

On October 3, 2018, the SO received a Form 433-A showing monthly income of $3,278 and monthly expenses of $2,716. The SO noted that, while verification would be needed with respect to the reported expenses, petitioner would have to make a monthly payment of at least $562 under an IA. The SO called petitioner's representative and asked that he call her back.

On October 15, 2018, having received no estimated tax payments, no proposed IA, and no further communication from petitioner's representative, the SO decided to close the case. On October 19, 2018, the IRS issued a notice of determination sustaining the proposed levy. Petitioner timely petitioned this Court and, on September 23, 2019, respondent filed a motion for summary judgment. Petitioner opposed the motion, contending that her underlying liabilities were properly before the SO and that the SO abused her discretion in declining to consider a collection alternative.

**[\*6]**                                     <u>Discussion</u>

A.     <u>Summary Judgment Standard</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Under Rule 121(b) we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  <u>Ibid.</u>  The nonmoving party, however, may not rest upon the mere allegations or denials in his pleadings, but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial.  Rule 121(d); <u>see</u> <u>Sundstrand Corp.</u>, 98 T.C. at 520.

B.     <u>Standard of Review</u>

Section 6330(d)(1) does not prescribe the standard of review that we should apply in reviewing an IRS administrative determination in a CDP case.  The general parameters for such review are marked out by our precedents.  Where the validity or amount of the taxpayer's underlying tax liability is at issue, we review the Commissioner's determination de novo.  <u>Goza v. Commissioner</u>, 114 T.C. 176,

**[\*7]** 181-182 (2000). Where the taxpayer's underlying tax liability is not properly before us, we review the IRS action for abuse of discretion. Id. at 182. An abuse of discretion exists when a determination is arbitrary, capricious, or without a sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

C.    Underlying Tax Liabilities

A taxpayer may challenge the existence or amount of her underlying liabilities in a CDP proceeding only if she "did not receive any statutory notice of deficiency for such tax liabilit[ies] or did not otherwise have an opportunity to dispute * * * [them]." Sec. 6330(c)(2)(B). Petitioner was entitled at the CDP hearing to dispute the tax liabilities as reported on her 2013 and 2014 returns because she did not have a prior opportunity to do so. See ibid.; Montgomery v. Commissioner, 122 T.C. 1, 8-9 (2004) (noting that a taxpayer may dispute his underlying liability for a tax reported on his return).

That said, a taxpayer must properly present an underlying liability challenge to the SO in order to preserve the challenge for judicial review. See Thompson v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); Giamelli v. Commissioner, 129 T.C 107, 113-114 (2007); sec. 301.6330-1(f)(2),

[*8] Q&A-F3, Proced. & Admin. Regs. "'An issue is not properly raised if the taxpayer fails * * * to present * * * any evidence with respect to that issue after being given a reasonable opportunity' to do so." Moriarty v. Commissioner, T.C. Memo. 2017-204, 114 T.C.M. (CCH) 441, 443 (quoting section 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.), aff'd, 2018 WL 4924349 (6th Cir. Sept. 19, 2018); see Obeirne v. Commissioner, T.C. Memo. 2018-210, at *9.

Petitioner contends that she implicitly challenged her underlying tax liabilities during the hearing by describing the financial hardships that she faced, such as the cost of her husband's medical care. But while financial hardship may be relevant to consideration of collection alternatives, it has no bearing on whether a taxpayer owes the tax as reported on his or her return. See Baptiste v. Commissioner, T.C. Memo. 2016-4, 111 T.C.M. (CCH) 1014, 1016. There is no evidence that petitioner advanced during the CDP hearing a challenge either to the tax deficiency or to the additions to tax for 2013 or 2014. Because she did not properly challenge those liabilities before the SO, she is precluded from challenging them here. See Thompson, 140 T.C. at 178. We thus review the SO's action for abuse of discretion only. See Goza, 114 T.C. at 182.

[*9] D.    Abuse of Discretion

In deciding whether the SO abused her discretion in sustaining the collection action, we consider whether she: (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c).

A taxpayer at a CDP hearing may propose a collection alternative, such as an offer-in-compromise or an IA. But petitioner made no concrete proposal, and the SO was not obligated to make one for her. See Gentile v. Commissioner, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77, aff'd, 592 F. App'x 824 (11th Cir. 2014); Veneziano v. Commissioner, T.C. Memo. 2011-160, 102 T.C.M. (CCH) 22, 24. The SO noted that the required minimum monthly payment under an IA would likely be at least $562 and called petitioner's representative. But neither petitioner nor her representative ever responded to that communication.

Moreover, we have consistently held that an SO does not abuse her discretion when she declines to consider collection alternatives for a taxpayer who has

[*10] failed to comply with current estimated tax obligations. See Giamelli, 129 T.C. at 111-112; Starkman v. Commissioner, T.C. Memo. 2012-236. "Compliance with filing * * * [and] paying estimated taxes * * * must be current from the date the installment agreement begins." Internal Revenue Manual pt. 5.14.1.4.2(19) (July 16, 2018).

The SO informed petitioner that an estimated tax payment of $7,275 would be required for 2018 as a condition of executing an IA. Although petitioner's representative stated that petitioner was unable to make this payment, he supplied insufficient documentation to establish that fact. In any event, although the SO "could accept an installment agreement that included petitioner's current estimated tax liabilities, she acted within her discretion in declining to do so." Boulware v. Commissioner, T.C. Memo. 2014-80, 107 T.C.M. (CCH) 1419, 1425, aff'd, 816 F.3d 133 (D.C. Cir. 2016). The requirement of current compliance as a condition of executing an IA "ensures that current taxes are paid and avoids 'the risk of pyramiding tax liability.'" Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441 (quoting Schwartz v. Commissioner, T.C. Memo. 2007-155, slip op. at 8); see Orum v. Commissioner, 412 F.3d 819 (7th Cir. 2005), aff'g 123 T.C. 1 (2004).

**[*11]** Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the collection action. We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an offer-in-compromise or an IA, supported by the necessary financial information.

To reflect the foregoing,

An appropriate order and decision will be entered.