OPINION OF THE COURT
PER CURIAM.
Appellant John A. Hartmann appeals from the United States Tax Court’s order and decision granting the Commissioner of Internal Revenue’s (“IRS”) motion for summary judgment in this action to collect unpaid taxes. Because Hartmann’s arguments on appeal do not demonstrate the existence of a genuine issue of material fact, or that the IRS is not entitled to judgment as a matter of law, we will affirm the order of the Tax Court.
I.
After a collection due process (“CDP”) hearing at its Office of Appeals, the IRS issued a Notice of Determination approving a proposed levy upon Hartmann’s property to collect unpaid taxes for the *625 2001 tax year.[1] Hartmann timely challenged that determination before the Tax Court. The IRS moved for summary judgment. In December 2008, the Tax Court entered an order and decision granting the IRS’s motion for summary judgment and sustaining the determination made by the IRS. Hartmann timely appealed from that order.[2]
II.
The Tax Court had jurisdiction under 26 U.S.C. § 6330(d)(1), and we have jurisdiction under 26 U.S.C. § 7482(a)(1). We exercise plenary review of the Tax Court’s order granting the IRS’s summary judgment motion. See Conn. Gen. Life Ins. Co. v. Comm’r, 177 F.3d 136, 143 (3d Cir. 1999). Like Rule 56(c) of the Federal Rules of Civil Procedure, Rule 121(b) of the Tax Court Rules of Practice and Procedure provides that summary judgment may be granted “if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.” Craig v. Comm’r, 119 T.C. 252, 259-60 (2002).
III.
Hartmann makes two arguments to demonstrate that the Tax Court erred in granting the IRS’s summary judgment motion, both of which were rejected by the Tax Court. First, Hartmann argues that the Settlement Officer abused his discretion when he rejected Hartmann’s offer-in-compromise as an alternative settlement agreement. Second, Hartmann argues that the Office of Appeals abused its discretion “because the same agent conducted both a CDP hearing and reviewed an offer in compromise.” As the Tax Court correctly found, neither argument has merit, and thus neither precludes the entry of summary judgment in favor of the IRS.
Specifically, we agree with the Tax Court that the Settlement Officer did not abuse his discretion in rejecting Hartmann’s offer-in-compromise because Hartmann had not timely filed his 2006 income tax return at the time of the offer, as was required for his offer-in-compromise to be considered. Cf. Christopher Cross, Inc. v. United States, 461 F.3d 610, 613 (5th Cir. 2006) (“[t]he failure to timely pay owed taxes is a perfectly reasonable basis for rejecting an offer in compromise relating to other unpaid taxes”). While Hartmann argues that his providing the Settlement Officer with a K-1[3] for the 2006 return constituted “substantial compliance,” we find no basis to substitute Hartmann’s self-serving standard for the documentation re *626 quested by the Settlement Officer (proof of estimated payments for the 2006 tax year, supporting documentation for the Form 433-A Collection Information Statement, etc.).
We also agree with the Tax Court’s determination that it was not improper for the same IRS agent to both conduct the CDP hearing and review the offer-in-compromise. Hartmann has not supplied any authority for his argument to the contrary. More importantly, though, section 6330(b)(3) provides that a CDP hearing “shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified” in the notice of intent to levy, and there is no indication in the record that the Settlement Officer had any such “prior involvement.”
Accordingly, we will affirm the Tax Court’s entry of summary judgment in favor of the IRS.

.CDP hearings are informal proceedings that provide a delinquent taxpayer with an opportunity to be heard before the IRS can levy upon his or her property in order to satisfy outstanding tax liabilities. See generally 26 U.S.C. § 6330. During the hearing, the taxpayer is permitted, inter alia, to propose collection alternatives such as a settlement or payment schedule, and the Settlement Officer ultimately must determine whether the proposed levy "balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Id. at § 6330(c)(3). The Settlement Officer’s decision generally is reviewable by the Tax Court for abuse of discretion. See Kindred v. Comm’r, 454 F.3d 688, 694 (7th Cir.2006).

. The Tax Court also denied Hartmann’s motion to vacate and revise its order granting summary judgment. Hartmann does not appeal from that decision.

. "A Schedule K-l is used as part of the tax return to report the partner's share of income, credits, deductions and other items resulting from the partnership.” Hansen v. Comm’r, 471 F.3d 1021, 1026 n. 6 (9th Cir. 2006).