PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3501
_____

JOHN A. HARTMANN,
Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

Appeal from the United States Tax Court
Tax Court No. 09-27758
(Tax Court Judge: Honorable Robert N. Armen, Jr.)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2011

Before: RENDELL, CHAGARES and ALDISERT,
Circuit Judges

(Opinion filed  March 22, 2011)
_____

John A. Hartmann
18 Montague Avenue
West Trenton, NJ 08628
  *Appearing pro se*

Gary R. Allen, Esq.
Jonathan S. Cohen, Esq.
John Schumann, Esq.
United States Department of
Justice Tax Division
950 Pennsylvania Avenue, N.W.
P.O. Box 502
Washington, D.C. 20044

John A. DiCicco, Esq.
United States Department of Justice
Office of Special Litigation
P.O. Box 7238
Washington, DC 20044

Wendy Gardner, Esq.
Internal Revenue Service
1085 Raymond Boulevard
Suite 1500
Newark, NJ 07102

William J. Wilkins, Esq.
Internal Revenue Service
1111 Constitution Avenue, N.W.
Washington, DC 20224
  *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

PER CURIAM

John A. Hartmann appeals from the decision of the
United States Tax Court granting the Commissioner of
Internal Revenue's ("IRS") motion for summary judgment in
this action to collect unpaid taxes. Because Hartmann's
arguments on appeal do not demonstrate the existence of a
genuine issue of material fact, or that the IRS is not
entitled to judgment as a matter of law, we will affirm the
decision of the Tax Court.

I.

Hartmann filed a federal income tax return for 2006,
but did not pay the liability reported on the return. The IRS
subsequently assessed the delinquent tax, along with interest
and a failure-to-pay penalty and issued Hartmann a notice and
demand for payment. After Hartmann failed to remit
payment, the IRS sent him a final notice of intent to levy
upon his property, and informed him of his right to request a
collection due process hearing ("CDP").[1] Hartmann filed a

_____

[1] CDP hearings are informal proceedings that provide a
delinquent taxpayer with an opportunity to be heard before
the IRS can levy upon his or her property in order to satisfy
outstanding tax liabilities. See generally 26 U.S.C. § 6330.
During the hearing, the taxpayer is permitted, *inter alia*, to
propose collection alternatives such as a settlement or

3

timely request for a CDP hearing and indicated that he intended to propose a tax collection alternative. Following an October 2009 CDP hearing, and after failing to receive documentation from Hartmann in support of a tax collection alternative, the IRS Office of Appeals issued a Notice of Determination approving the proposed levy.

Hartmann timely challenged that determination before the Tax Court. The IRS moved for summary judgment. In May 2010, the Tax Court granted the IRS' motion for summary judgment and sustained the determination made by the IRS. Hartmann timely appealed from that order.

## II.

The Tax Court had jurisdiction under 26 U.S.C. § 6330(d)(1), and we have jurisdiction under 26 U.S.C. § 7482(a)(1). We exercise plenary review of the Tax Court's order granting the IRS' summary judgment motion. See Conn. Gen. Life Ins. Co. v. Comm'r, 177 F.3d 136, 143 (3d Cir. 1999). Like Rule 56(c) of the Federal Rules of Civil Procedure, Rule 121(b) of the Tax Court Rules of Practice and Procedure provides that summary judgment may be

payment schedule, and the Settlement Officer ultimately must determine whether the proposed levy "balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Id. at § 6330(c)(3). The Settlement Officer's decision generally is reviewable by the Tax Court for abuse of discretion. See Kindred v. Comm'r, 454 F.3d 688, 694 (7th Cir. 2006).

4

granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Craig v. Comm'r, 119 T.C. 252, 259-60 (2002).

III.

We conclude that Hartmann has failed to demonstrate that the Tax Court erred in granting the IRS's summary judgment motion. Hartmann argues here, as he did before the Tax Court, that the levy upon his property cannot be sustained because the IRS improperly refused to consider a proposed tax collection alternative to satisfy his delinquent federal income taxes. Contrary to Hartmann's assertion, the record demonstrates that the IRS did provide him with an opportunity to submit a proposed collection alternative with supporting documentation, but that he failed to timely do so.

In a September 3, 2009 letter, the Settlement Officer ("SO") assigned to Hartmann's case informed him that the IRS would consider a proposed collection alternative, but that, in support of such a proposal, Hartmann had to submit certain documentation. (See Tax Court Record at 4.) Specifically, the letter stated that Hartmann had to provide the following within fourteen days of the date of the letter: (1) a completed collection information statement (IRS Form 433-A for individuals and/or Form 433-B for businesses); (2) signed copies of his 2007 and 2008 tax returns; (3) proof of his estimated tax payments for 2009; (4) IRS Form 656 (offer in compromise); (5) the application fee; and (6) an advance partial payment. Listed as enclosures to the letter were Form

5

433-A, Form 433-B, and Form 656. Id. The letter also informed Hartmann that a telephone hearing with the SO was scheduled for October 7, 2009. Id.

Hartmann then sent a letter to the SO asking that the CDP hearing be rescheduled and, per his request, it was rescheduled for October 20, 2009. The parties do not dispute that Hartmann and the SO discussed his desire to have an installment payment agreement during the hearing. However, at that time, Hartmann had neither submitted the required documentation, nor had he made a partial payment. On October 26, 2009, after failing to receive the documentation that the SO requested in the September 3, 2009 letter, the IRS Office of Appeals issued Hartmann a Notice of Determination sustaining the proposed levy.

Hartmann argued for the first time on petition to the Tax Court that he was effectively denied the right to file a collection alternative proposal because the enclosures intended to accompany the SO's September 3, 2009 letter had been omitted. He also argued that the SO improperly failed to remind him of the filing requirements during the October 20, 2009 CDP hearing, further excusing his obligation to comply with them.

As an initial matter, there is no evidence that Hartmann timely complied with any of the requirements for filing a collection alternative. Indeed, he does not dispute the Tax Court's finding that his 2007 and 2008 tax returns were not filed until November 6, 2009 and March 11, 2010, respectively. As the Tax Court noted, the record demonstrates that the filing requirements were clearly set forth in the SO's September 3, 2009 letter, regardless of

6

whether the enclosures were omitted.

In his September 23, 2009 letter to the SO, in which he acknowledged his receipt of the September 3, 2009 letter, Hartmann made no mention of the allegedly missing enclosures. However, Hartmann, who has been involved in other proceedings before the IRS, was undoubtedly aware that certain forms must be submitted to the IRS before it will consider or approve a tax collection alternative. See Hartmann v. Comm'r, 351 F. App'x. 624 (3d Cir. 2009).

Hartmann's further assertion that the SO did not remind him of the need to submit these materials during the October 20, 2009 hearing is of no consequence. Again, even if the assertion were true, there is no dispute that the SO's September 3, 2009 letter explicitly informed him that alternative collection methods would not be considered absent timely submission of the required documentation. Therefore, we agree with the Tax Court that the IRS did not abuse its discretion in sustaining the proposed levy where Hartmann failed to comply with the requirements for filing a proposed collection alternative. Cf. Christopher Cross, Inc. v. United States, 461 F.3d 610, 613 (5th Cir. 2006) ("[t]he failure to timely pay owed taxes is a perfectly reasonable basis for rejecting an offer in compromise relating to other unpaid taxes"); Olsen v. United States, 414 F.3d 144, 152-54 (1st Cir. 2005) (no abuse of discretion in rejecting an offer in compromise where taxpayer failed to provide financial information during the administrative hearing).

Accordingly, we will affirm the decision of the Tax Court.