[redacted]

[redacted]

**KOJO MFUM, Appellant**

**v.**

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 12–4179.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 12, 2013.

Opinion filed: June 24, 2013.

[redacted]

Kojo Mfum, Fort Dix, NJ, pro se.

Gloria M. Juncadella, Esq., Jason M. Kuratnick, Esq., Internal Revenue Service, Philadelphia, PA, Curtis C. Pett, Esq., Gilbert S. Rothenberg, Esq., United States Department of Justice, William J. Wilkins, Esq., Internal Revenue Service, Washington, DC, for Commissioner of Internal Revenue.

Before: AMBRO, HARDIMAN and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Kojo Mfum, proceeding pro se, appeals from the United States Tax Court's orders granting the Commissioner's motion for summary judgment and denying his motion to vacate that judgment. For the following reasons, we will affirm.

I.

This case arises from Mfum's failure to timely file tax returns for 2004 and 2005. Using information gathered from third parties, the Internal Revenue Service ("IRS") prepared Notices of Deficiency informing Mfum of his proposed tax liabilities for those years. Mfum did not petition the Tax Court regarding these proposed assessments, and in 2009, the IRS assessed the liabilities.

Mfum received a "Final Notice of Intent to Levy" in June 2010, and he responded by invoking his right to a Collection Due Process ("CDP") hearing. *See* 26 U.S.C. § 6330(b). After Mfum's case was transferred to the IRS Office of Appeals in Newark, Lisa Wold, a settlement officer, informed Mfum by letter that she had scheduled a face-to-face CDP hearing for January 5, 2011. A day before the hearing, Mfum sent a fax requesting that the hearing be held at an office located closer

to his address, and he did not appear for the hearing. On January 26, 2011, Wold mailed a letter in response to Mfum's fax, informing him that the Newark office was the only Office of Appeals located in New Jersey and noting uncertainty as to whether the Philadelphia office was closer to his residence. She asked him to contact her within 14 days to reschedule. Mfum did not reply within those 14 days, but on February 22, 2011, he notified Wold that H & R Block was preparing 2004 and 2005 tax returns for him and requested additional time to provide those returns. Wold asked him when the returns would be completed, and Mfum replied that he would call back later with that information. He also indicated that he did not believe the Philadelphia office was closer to his residence. Mfum never followed up with Wold, and on March 16, 2011, the IRS issued a Notice of Determination concluding that the "Notice of Intent to Levy was correct at the time of issuance."

Mfum sought review in the United States Tax Court, alleging that the IRS did not honor his request for a face-to-face hearing and wanted him to pay more than he owed. The IRS moved for summary judgment, which Mfum opposed. The Tax Court granted the IRS's motion, determining that Mfum was barred from contesting the amounts of the assessed liabilities and that the IRS did not abuse its discretion in scheduling the CDP hearing in Newark. It subsequently denied Mfum's motion to vacate the order granting summary judgment. This timely appeal followed.

## II.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1) and "exercise plenary review of the Tax Court's order granting the IRS'[s] summary judgment motion." *Hartmann v. Comm'r*, 638 F.3d 248, 249 (3d Cir.2011). When the underlying tax liability is not properly in issue, we review an administrative determination about a CDP hearing for abuse of discretion only. *See Kindred v. Comm'r*, 454 F.3d 688, 694 (7th Cir.2006).

## III.

On appeal, Mfum reiterates his challenge to the amounts assessed for his tax liabilities for 2004 and 2005. At a CDP hearing, a taxpayer may challenge the amount of the underlying liability only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). The record contains copies of the Notices of Deficiency sent to Mfum, and Mfum has not disputed his receipt of them. Furthermore, Mfum had the opportunity to petition the Tax Court to challenge the amounts assessed. *See* 26 U.S.C. § 6330(d)(1). He did not do so. Accordingly, the Tax Court did not err by concluding that Mfum was not entitled to challenge the underlying liability determinations.

Mfum also suggests that the Appeals Office erred by failing to grant him a face-to-face CDP hearing at the office closest to his residence.[1] As an initial matter, we note that Mfum did not provide the physical location of his residence to the IRS or the Tax Court. Moreover, contrary to his assertion, the Office of Appeals scheduled a face-to-face hearing in Newark, but Mfum failed to attend. Wold informed

---

1. The Government asserts that Mfum has waived this argument by failing to provide any developed argument to support his claim. However, in light of the liberal construction we must give to pro se filings, *see Haines v.* *Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Mfum's brief contains sufficient argument for us to find that he has not waived this claim.

Mfum that the Newark office was the only office located in New Jersey, and Mfum himself asserted that he did not think the Philadelphia office was closer to his residence than the Newark office.

Nor does the record support Mfum's assertion that the IRS otherwise abused its discretion in its conduct of his CDP hearing. The record does not support at all his contention that Wold was in a hurry to close his case. First, the Appeals Office provided Mfum additional opportunities to demonstrate his correct tax liabilities. Furthermore, the undisputed evidence in the Tax Court record shows that Mfum never provided Wold with information regarding when his 2004 and 2005 tax returns would be completed so that his CDP hearing could be rescheduled. Indeed, the Appeals Office heard nothing from Mfum from February 22, 2011 until March 16, 2011.[2] In sum, the record demonstrates that Wold waited an additional three weeks before issuing the Notice of Determination on March 16, 2011. Given all this, we agree with the Tax Court that the IRS committed no error regarding Mfum's CDP hearing.

## IV.

For the foregoing reasons, we will affirm the decision of the Tax Court.[3]

---

**2.** Mfum does not offer any argument regarding this time period. Instead, he notes that he attempted to call Wold on February 7, 2011, but that he received her voicemail message stating that she was out of the office from that date until February 18, 2011. Mfum argues that this time period coincided with the 14-day period after January 26, 2011 within which he was supposed to contact her. We agree with Mfum that the evidence indicates that Wold was out of the office from February 7, 2011 until February 18, 2011. However, Mfum's assertion that this period

---

coincided with the 14-day period is misplaced, as the 14-day period ended on February 9, 2011. Furthermore, as discussed in the text, Wold was not in a hurry to close his case upon her return to the office, as she provided him with one more opportunity to submit additional information and reschedule his CDP hearing.

**3.** Furthermore, we find no error in the Tax Court's denial of Mfum's motion to vacate the order granting summary judgment.