T.C. Memo. 2015-129

UNITED STATES TAX COURT

JOHN A. HARTMANN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6825-14L.                          Filed July 13, 2015.

John A. Hartmann, pro se.

Daniel C. Munce, for respondent.

MEMORANDUM OPINION

KERRIGAN, Judge:  The petition in this case was filed in response to a
Notice of Determination Concerning Collection Action(s) under Section 6320
and/or 6330 of the Internal Revenue Code dated February 26, 2014, upholding a
proposed levy collection action for tax years 2003, 2004, 2005, 2007, and 2008

[*2] (tax years at issue). We must consider whether respondent's determination to proceed with the collection action regarding petitioner's unpaid income tax liabilities for the tax years at issue was proper.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in New Jersey when he filed the petition.

Petitioner filed tax returns for the tax years at issue. On July 29, 2013, respondent mailed petitioner a notice of intent to levy for the tax years at issue. Petitioner filed timely a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 petitioner indicated that he was interested in an offer-in-compromise as a collection alternative. On the form he also indicated that a reason for the collection alternative was that he was unable to pay the balance because of age and illness. He did not contest the underlying liabilities.

[*3]   On December 2, 2013, the Internal Revenue Service Office of Appeals (Appeals) mailed petitioner a letter scheduling a hearing for January 7, 2014.  In the letter Appeals requested that petitioner complete and submit the following: (1) an installment agreement or an offer-in-compromise; (2) a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; (3) a signed copy of petitioner's Form 1040, U.S. Individual Income Tax Return, for 2012; and (4) any additional information, including facts and evidence, to support and explain petitioner's failure to timely file his income tax returns.

On December 10, 2013, petitioner mailed Appeals a letter indicating that he was unavailable for a hearing on January 7, 2014, and suggesting alternative dates. Appeals replied with a letter dated December 13, 2013, agreeing to reschedule the conference to January 15, 2014, and reminding petitioner about the requested information that had been listed in the December 2, 2013, letter.

On December 30, 2013, petitioner mailed Appeals another letter.  In this letter he submitted an informal offer for an installment agreement as follows: (1) $50,000 payable on March 1, 2014; (2) $50,000 payable on September 1, 2014; (3) $25,000 payable on March 1, 2015; (4) $25,000 payable on September 1, 2015; and (5) the balance at a rate of $3,000 per month.  He indicated that he

**[\*4]** did not fill out an offer-in-compromise form because his above payment proposal was not "traditional". He also attached a completed Form 433-A. However, he did not provide any other documentation to support the information reported on the Form 433-A. He also did not provide any evidence of health or age-related problems.

The hearing was held on January 15, 2014. At the hearing the Appeals officer informed petitioner that he was not in compliance with his filing obligation because he had failed to file an income tax return for 2012 and had not made any estimated tax payments. The Appeals officer also informed petitioner that no collection alternative, including an offer-in-compromise or an installment agreement, could be considered because petitioner had not filed his 2012 tax return or provided any documentation to support his Form 433-A or his claimed health or age-related problems.

On February 26, 2014, the Appeals officer issued the notice of determination sustaining the proposed collection action. In the notice the Appeals officer stated that the collection action was sustained because petitioner failed to provide the requested supporting documentation.

**[*5]** On November 24, 2014, petitioner filed his 2012 tax return.

Discussion

Section 6330 requires the Secretary to furnish a person notice and opportunity for a hearing before an impartial officer or employee of Appeals before levying on the person's property. At the hearing the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2). The person may challenge the existence or the amount of the underlying tax liability for any period only if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing the Appeals officer must determine whether proceeding with the proposed levy action is appropriate. In making that determination, the Appeals officer is required to take into consideration: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the

**[*6]** legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). We note that the Appeals officer properly based his determination on the factors required by section 6330(c)(3).

I.     Standard of Review

Once Appeals issues a notice of determination, the person may seek review in this Court. Sec. 6330(d)(1). Where, as here, the taxpayer does not challenge the underlying liability, our review is for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610. An abuse of discretion occurs if Appeals exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999). The Court does not conduct an independent review and substitute its judgment for that of the Appeals officer. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). If the Appeals officer follows all statutory and administrative guidelines and provides a reasoned, balanced decision, the Court will not reweigh the equities. Link v. Commissioner, T.C. Memo. 2013-53, at *12. We have held that "in our review for an abuse of discretion under section 6330(d)(1) of respondent's determination, generally we consider only arguments, issues, and other matter that were raised at the collection hearing or otherwise

**[*7]** brought to the attention of the Appeals Office." <u>Magana v. Commissioner</u>, 118 T.C. 488, 493 (2002).

## II.    Abuse of Discretion

Petitioner argues that the Appeals officer abused his discretion because he did not properly consider petitioner's proposed installment agreement, did not give petitioner enough time to file his 2012 tax return, and did not take into consideration petitioner's advanced age and health.  Respondent contends that the Appeals officer did not abuse his discretion because petitioner did not provide the requested information, including his 2012 return, the financial information to support the Form 433-A, or any information to support his health and age-related claims.  Respondent further contends that he was not required to give petitioner any time to file his 2012 return.

Judicial review of a notice of determination is limited to issues that the taxpayer properly raised at the CDP hearing.  Sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  "An issue is not properly raised if the taxpayer fails to request consideration of the issue by Appeals, or if consideration is requested but the taxpayer fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence."  <u>Id.</u> Additionally, a taxpayer is expected to provide all relevant information to the

[*8] Appeals officer, including financial statements. See id. para. (e)(1). The Appeals officer is unable to ascertain a taxpayer's financial circumstances, and consequently the appropriateness of a collection alternative, without financial information. Yoel v. Commissioner, T.C. Memo. 2012-222, at *8. It is not an abuse of discretion for an Appeals officer to reject a collection alternative and sustain the proposed collection action on the basis of the taxpayer's failure to submit the requested financial information to the settlement officer. See Huntress v. Commissioner, T.C. Memo. 2009-161; see also Olsen v. United States, 414 F.3d 144, 154 (1st Cir. 2005).

Petitioner failed to submit his completed 2012 tax return, financial information to support his Form 433-A, and any documentation of his health or age-related claims within the reasonable deadline given him by the Appeals officer. Therefore, it was not an abuse of discretion for the Appeals officer to recommend that the notice of determination be sustained as a result of petitioner's failure to provide him with the 2012 return and to submit the requested information. See Murphy v. Commissioner, 125 T.C. 301. An Appeals officer is not required to negotiate with a taxpayer indefinitely or wait any specific amount of time after a CDP hearing to issue a notice of determination. Kreit Mech. Assocs., Inc. v. Commissioner, 137 T.C. 123, 134 (2011); Clawson v.

**[*9]** <u>Commissioner</u>, T.C. Memo. 2004-106; sec. 301.6330-1(e)(3), Q&A-E9, Proced. & Admin. Regs.  Accordingly, the Appeals officer was not required to give petitioner any amount of time to file his 2012 return and did not abuse his discretion by issuing the notice of determination.

Any contention we have not addressed is irrelevant, moot, or meritless. Respondent's determination to proceed with collection was not an abuse of discretion.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.