**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3768
_____

JOHN A. HARTMANN,
                                        Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(T.C. No. 14-6825)
Tax Court Judge: Honorable Kathleen Kerrigan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2016

Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

John Hartmann appeals pro se from the Tax Court's decision of August 21, 2015,

sustaining a notice of determination of the Internal Revenue Service Office of Appeals

that had upheld a proposed collection by levy of Hartmann's unpaid income tax liabilities

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent

for the 2003, 2004, 2005, 2007, and 2008 tax years. Hartmann has litigated this kind of issue here before, albeit unsuccessfully. See Hartmann v. Commissioner, 638 F.3d 248 (3d Cir. 2011) (affirming summary judgment in favor of the IRS concerning a levy upon Hartmann's property to collect unpaid taxes for the 2006 tax year); Hartmann v. Commissioner, 351 F. App'x 624 (3d Cir. 2009) (affirming summary judgment in favor of the IRS concerning a levy upon Hartmann's property to collect unpaid taxes for the 2001 tax year). In this case, we will once again affirm the Tax Court's judgment for the reasons discussed below.

The IRS mailed Hartmann a notice of intent to levy for delinquent taxes for the years at issue here. Hartmann then requested a Collection Due Process ("CDP") hearing. Hartmann did not oppose the underlying tax liability but named "offer-in-compromise" and "inability to pay balance" as reasons for the hearing. The IRS Office of Appeals thereafter requested that Hartmann provide certain specific documentation in advance of the hearing, including an installment agreement or an offer-in-compromise, a collection information statement (Form 433-A), and any additional information that would explain his failure to timely file his 2012 income tax return. Hartmann wrote to provide a proposed installment plan and a completed Form 433-A, but not the other documentation that the Office of Appeals had requested, including the 2012 tax return. The CDP hearing then occurred on January 15, 2014, and on February 26, 2014, the Office of Appeals issued a notice of determination sustaining the proposed collection action due to the failure to provide the requisite documentation.

Hartmann petitioned the Tax Court for relief on March 25, 2014, arguing that the Office of Appeals had abused its discretion. Hartmann eventually filed his 2012 tax return on November 24, 2014. The Tax Court then issued an opinion on July 13, 2015, and a decision on August 21, 2015, concluding that the Office of Appeals did not abuse its discretion and that the IRS could proceed with the collection action. This appeal followed.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1) and exercise plenary review of the Tax Court's order. See Hartmann, 638 F.3d at 249. When, as here, the underlying tax liability is not in issue, the determination of the IRS Office of Appeals in a collection due process hearing is reviewed by both the Tax Court and the Court of Appeals for an abuse of discretion. See Kindred v. Comm'r, 454 F.3d 688, 694 (7th Cir. 2006); Living Care Alternatives of Utica v. United States, 411 F.3d 621, 625 (6th Cir. 2005). We will "set aside determinations reached by the IRS during the CDP process only if they are unreasonable in light of the record compiled before the agency." Dalton v. Comm'r, 682 F.3d 149, 154-55 (1st Cir. 2012).

As with Hartmann's most recent tax-related appeal, "we agree with the Tax Court that the IRS did not abuse its discretion in sustaining the proposed levy where Hartmann failed to comply with the requirements for filing a proposed collection alternative." Hartmann, 638 F.3d at 250. Here, Hartmann failed to timely provide the necessary documentation in support of the installment plan that Hartmann proposed as a collection alternative. Requiring that documentation, including Hartmann's 2012 tax return, was well within the Office of Appeals' discretion. Cf., e.g., Christopher Cross, Inc. v. United

3

States, 461 F.3d 610, 613 (5th Cir. 2006) ("The failure to timely pay owed taxes is a perfectly reasonable basis for rejecting an offer in compromise relating to other unpaid taxes."); Olsen v. United States, 414 F.3d 144, 152-54 (1st Cir. 2005) (no abuse of discretion in rejecting an offer in compromise where taxpayer failed to provide financial information during the administrative hearing). The Tax Court was therefore correct to conclude that the IRS could collect the proposed levy.

In light of the foregoing, we will affirm the Tax Court's judgment.