T.C. Memo. 2018-154

UNITED STATES TAX COURT

JOHN A. HARTMANN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24214-17L.                          Filed September 17, 2018.

John A. Hartmann, pro se.

<u>Ina S. Weiner</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  Pursuant to sections 6320(c) and 6330(d)(1),[1] petitioner

seeks review of the Internal Revenue Service (IRS) Office of Appeals

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

[*2] determinations to sustain the filing of a notice of Federal tax lien (NFTL) and a proposed levy to collect petitioner's unpaid 2011 and 2013 Federal income tax liabilities. The issue before the Court is whether to grant respondent's motion for summary judgment (motion) pursuant to Rule 121.[2] Respondent contends that no genuine dispute exists as to any material fact and that his determinations to collect petitioner's unpaid liabilities should be sustained. After reviewing these allegations along with the attached declaration and exhibits, we conclude that this case is appropriate for summary adjudication.

## Background

Petitioner is a lawyer who resided in New Jersey when he filed his petition.

Petitioner filed Federal income tax returns late for 2011 and 2013, and he failed to pay the liabilities reported on the returns. On November 2, 2016, the Commissioner issued petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, for his unpaid 2011 and 2013 income tax liabilities. On November 15, 2016, the Commissioner issued petitioner a Letter 3172, Notice of Federal Tax Lien and Your Right to a Hearing Under IRC 6320, for the 2011 and 2013 liabilities. Petitioner timely filed requests for a collection

---

[2]Respondent's motion also requests that we impose a penalty on petitioner under sec. 6673(a)(1). We will deny respondent's request.

**[\*3]** due process (CDP) hearing. With respect to the request related to the proposed levy, petitioner asked for an installment agreement or an offer-in-compromise or for his accounts to be placed in currently not collectible (CNC) status. With respect to the request related to the NFTL, petitioner asked for an installment agreement or for his accounts to be placed in CNC status, and he requested that the lien be withdrawn. Petitioner did not challenge his underlying liabilities.

On June 26, 2017, a settlement officer (SO) from the IRS Office of Appeals sent petitioner a letter acknowledging receipt of his requests for a CDP hearing and scheduling a telephone conference call to conduct the CDP hearing for July 28, 2017. In the letter the SO asked petitioner to submit within 14 days a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and to submit within 21 days a signed 2015 Federal income tax return. The SO enclosed a Form 433-A with the letter, but petitioner contends that the "income and expense analysis" portion of the Form 433-A was not enclosed.

On July 13, 2017, petitioner requested that the CDP hearing be rescheduled, and the SO granted his request. On August 17, 2017, the SO received a Form 433-A and held a telephone conference call with petitioner. In the case activity

[*4] records[3] the SO stated that petitioner failed to complete the "income and expense analysis" portion of the Form 433-A, but petitioner claims that the SO did not mention this during the conference call. During the conference call petitioner reiterated his request for an installment agreement.

After the conference call the SO sent petitioner's Form 433-A to an IRS revenue officer (RO) for verification. On or about August 22, 2017, the RO sent petitioner a Form 9297, Summary of Taxpayer Contact, asking that by September 22, 2017, petitioner submit, among other things, the income and expense portion of the Form 433-A, proof of estimated tax payments for 2017, investment statements for the previous six months, and his most recent car payment statement. Petitioner responded to the information requests but did not submit all of the requested documents. Petitioner provided written explanations about some of the documents he submitted. With respect to the income and expense section of the Form 433-A, he claims he never received the page. With respect to the request for proof of estimated payments, petitioner conceded that he failed to make estimated payments for 2017 but that a payment for 2016 would be forthcoming.[4] With

---

[3]The SO maintained separate case activity records for the NFTL and the proposed levy.

[4]While petitioner's CDP hearing was ongoing, petitioner had delinquent tax
(continued...)

**[\*5]** respect to the investment statements, petitioner provided a statement for the past four months for one of his accounts and provided no statements for his other two accounts listed on the Form 433-A. With respect to the last car payment statement, petitioner claimed that he does not "retain" car payment statements and provided one page of a lease agreement showing that a $571.08 payment is due monthly, but the portion of the lease agreement does not name the lessee. Petitioner provided no proof that he actually made the payments.

On October 23, 2017, the SO issued petitioner notices of determination sustaining the NFTL and the proposed levy because petitioner was "not in compliance with the required estimated tax payments for the current taxable year" and for his failure to submit the information requested in the Form 9297.[5] Petitioner timely filed a petition with this Court contending: (1) that there was no showing that estimated tax payments were due for 2017 and (2) that he submitted all of the materials requested in the Form 9297.

---

[4](...continued)
debt for 2016. The 2016 tax debt is not at issue in this case.

[5]The SO issued separate notices of determination for the NFTL and the proposed levy.

**[*6]**                                                 Discussion

A.  Summary Judgment

Summary judgment is designed to expedite litigation and to avoid

unnecessary and expensive trials.  Shiosaki v. Commissioner, 61 T.C. 861, 862

(1974).  Under Rule 121(b), the Court may grant summary judgment when there is

no genuine dispute as to any material fact and a decision may be rendered as a

matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd,

17 F.3d 965 (7th Cir. 1994).  The burden is on the moving party to demonstrate

that no genuine issue as to any material fact remains and that he is entitled to

judgment as a matter of law.  FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C.

73, 74-75 (2001).  In deciding whether to grant summary judgment, we view the

evidence in the light most favorable to the nonmoving party.  Bond v.

Commissioner, 100 T.C. 32, 36 (1993).  However, the nonmoving party is required

"to go beyond the pleadings and by * * * [his] own affidavits, or by the

'depositions, answers to interrogatories, and admissions on file,' designate

'specific facts showing that there is a genuine issue for trial.'"  Celotex Corp. v.

Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C.

157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559

(2000).

**[\*7]**   On the basis of the record, we conclude that there is no genuine dispute of material fact and that a decision may be rendered as a matter of law.

B.  Standard of Review

Where the validity of a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the taxpayer's underlying liability is not properly at issue, we review the Office of Appeals' determination for abuse of discretion only.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182.  A determination is an abuse of discretion if it is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 308, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

A taxpayer may raise a CDP challenge to the existence or amount of his underlying tax liability only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).  This Court may consider such a challenge, however, only if the taxpayer properly raised it before the settlement officer, Giamelli v. Commissioner, 129 T.C. 107, 115 (2007), and again in his petition to this Court, see Rule 331(b)(4).  An issue is not properly raised at the Office of

[*8] Appeals if the taxpayer fails to request consideration of the issue or fails to present any evidence after being given a reasonable opportunity to do so. Sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see Thompson v. Commissioner, 140 T.C. 173, 178 (2013) (citing Giamelli v. Commissioner, 129 T.C. at 114).

It is unclear whether petitioner was entitled to challenge his liabilities for 2011 and 2013 at the CDP hearing.[6] However, petitioner did not challenge his underlying liabilities at the CDP hearing or in his petition. He is therefore not entitled to contest those liabilities in this Court, and we will therefore review the SO's determination only for abuse of discretion.

C. Analysis

In deciding whether the SO abused his discretion in sustaining the NFTL and the proposed levy, we review the record to determine whether he: (1) properly verified that the requirements of applicable law and administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient

---

[6]Generally, a taxpayer must actually receive a notice of deficiency for the preclusion under sec. 6330(c)(2)(B) to apply, see Sego v. Commissioner, 114 T.C. 604, 610-611 (2000), and the record is silent as to whether petitioner received notices of deficiency for 2011 and 2013.

**[\*9]** collection of taxes with the legitimate concern of \* \* \* [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Our review of the record establishes that the SO considered all of these factors when making his determination.

Petitioner contends that the SO abused his discretion because he was incorrect that petitioner failed to make estimated tax payments for 2017. Typically, current compliance with the revenue laws, including compliance with estimated tax payment obligations, is a prerequisite to being eligible for a collection alternative. See Cox v. Commissioner, 126 T.C. 237, 257-258 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Hennessey Manor Nursing Home, Inc. v. Commissioner, T.C. Memo. 2017-97, at \*12.

In the Form 9297 petitioner acknowledged that he had not made estimated tax payments for 2017. In his petition, petitioner claimed that the SO failed to show that estimated payments were due for 2017. However, in his response to respondent's motion, petitioner acknowledged that estimated tax payments were due but claims that he made a payment of $43,000 in 2016, a portion of which should be applied to the 2017 tax year. The Commissioner's certified transcripts for 2017 do not show any payments for 2017, and petitioner has presented no evidence that he made any. Therefore, it was not an abuse of discretion for the SO

**[*10]** to reject a collection alternative on the ground of petitioner's current noncompliance with his estimated tax payment obligations.

Although petitioner's failure to make estimated payments is sufficient to sustain the SO's determinations, we will address some of petitioner's remaining arguments. Petitioner contends the SO erroneously determined that he failed to provide the information requested.

When the Office of Appeals gives a taxpayer a specific timeframe to submit requested items, it is not an abuse of discretion to move ahead if the taxpayer fails to submit the requested items. Pough v. Commissioner, 135 T.C. 344, 351 (2010); Glossop v. Commissioner, T.C. Memo. 2013-208, at *17. Further, an SO is not required to negotiate indefinitely or wait any specific time before issuing a determination. Kuretski v. Commissioner, T.C. Memo. 2012-262, at *11, aff'd, 755 F.3d 929 (D.C. Cir. 2014).

The RO asked petitioner to provide, among other things, the completed "income and expense" analysis portion of the Form 433-A, investment account statements for the previous six months, and his most recent car payment statement. Petitioner contends that he was never provided an "income and expense" analysis sheet to submit. Even assuming this is true, petitioner failed to submit all of the requested investment statements and the car lease payment statement. In his

**[*11]** response to the Form 9297, petitioner provided no explanation for not submitting all of the investment account statements.  He claims that he did not have his last car payment statement and did not provide any proof of his car payments.  Petitioner failed to provide the requested information,[7] and the SO did not abuse his discretion in rejecting a collection alternative on this ground.

Finding no abuse of discretion in any respect, we will sustain the proposed collection actions.  In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

An appropriate order and

decision will be entered.

---

[7]Petitioner has a history of failing to provide requested information during collection due process hearings.  See Hartmann v. Commissioner, 667 F. App'x 374 (3d Cir. 2016), aff'g T.C. Memo. 2015-129; Hartmann v. Commissioner, 638 F.3d 248 (3d Cir. 2011).