NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3698
_____

JOHN A. HARTMANN,
                                             Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(IRS-1:17-24214)
Tax Court Judge:  Hon. Robert P. Ruwe
_____

Submitted Under Third Circuit LAR 34.1(a)
September 10, 2019

Before:  CHAGARES, JORDAN, and RESTREPO, *Circuit Judges.*

(Filed: September 17, 2019)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

John A. Hartmann appeals from the United States Tax Court's grant of summary judgment in favor of the Commissioner of Internal Revenue as to his tax liability and the proposed lien and levy against him. For the following reasons, we will affirm.

## I.  BACKGROUND

The Internal Revenue Service ("IRS") is empowered to recover taxes owed to the United States by, among other things, issuing liens and levies against taxpayers. 26 U.S.C. §§ 6321, 6331. After a taxpayer receives notice of a proposed lien or levy from the IRS, he may request a Collection Due Process ("CDP") hearing. IRM 8.22.4.2.2(1) (Aug. 9, 2017). A CDP hearing is conducted by the IRS Office of Appeals, through a Settlement Officer,[1] and allows the taxpayer to address "any relevant issue relating to" his unpaid taxes or a proposed lien or levy. 26 U.S.C. §§ 6320(c), 6330(c)(2)(A). The IRS's ultimate decision must be based on, among other things, issues properly raised by the taxpayer. 26 U.S.C. § 6330(c). The taxpayer may appeal the CDP hearing decision by filing a petition for judicial review in the Tax Court. IRM § 8.22.4.2.2(13) (Aug. 9, 2017).

Hartmann, a former attorney, filed his federal income tax returns for 2011 and 2013 late and failed to pay the taxes due. The IRS assessed a tax delinquency against

---

[1] A Settlement Officer is the designated employee of the IRS Office of Appeals who conducts the CDP hearing and considers the issues the taxpayer presents. IRM 8.22.4.5.1 (Aug. 9, 2017).

him and issued a proposed lien and levy to collect the taxes. The IRS notified Hartmann of its decision and informed him of his right to request a CDP hearing, which he did.

Accordingly, the IRS Office of Appeals scheduled the hearing and sent Hartmann a letter telling him to submit a completed Collection Information Statement for Wage Earners and Self-Employed Individuals ("Form 433-A") and a signed tax return for the 2015 tax period, if he wanted to be eligible for a collection alternative.[2] A Form 433-A was attached to the letter, and Hartmann completed most of it, but he failed to submit a required income and expenses sheet. Hartmann contends that the IRS never sent that sheet to him.[3]

A Settlement Officer then conducted a CDP hearing by conference call. Hartmann says that this conference call only lasted six minutes and that the Settlement Officer spent no more than forty-five minutes, total, in conducting both the hearing and a review of Hartmann's financial documentation, which was insufficient to adequately assess whether he should be given a collection alternative. He also emphasizes that the Settlement Officer did not at any point during the hearing notify him that the required income and expenses sheet was missing.

---

[2] The IRS can provide a taxpayer with a collection alternative, or another means of payment such as an installment agreement or offer in compromise, to obtain outstanding tax payments. IRM 8.22.5.6.1.1(5) (Aug. 11, 2017); *see also* Director, Office of Policy, Quality, and Case Support, Memorandum for Appeals Employees (Sept. 28, 2016), https://www.irs.gov/pub/foia/ig/spder/ap-08-0916-0008.pdf (adopted by Internal Revenue Manual on Aug. 11, 2017).

[3] The record indicates, however, that the first Form 433-A that Hartmann submitted to the IRS includes a blank version of that sheet.

3

After the call, the Settlement Officer forwarded the case to the IRS Compliance Office to verify Hartmann's financial information. It, in turn, mailed Hartmann a Form 9297, a *Summary of Taxpayer Contact*, which asked him to complete the income and expenses section of Form 433-A and provide other financial documentation to be eligible for a collection alternative. In response, Hartmann submitted another incomplete Form 433-A.[4] The IRS Office of Appeals then sustained both the proposed lien and levy. It largely based its decision on Hartmann's lack of financial documentation, which hindered its ability to verify his financial data.

Hartmann petitioned the Tax Court for review. In the proceedings there, the Commissioner of Internal Revenue moved for summary judgment based on, among other things, Hartmann's failure to provide required financial information. The Tax Court granted that motion and sustained both the proposed lien and levy. In affirming the CDP decision, the Tax Court determined that the IRS Office of Appeals did not abuse its discretion in rejecting a collection alternative.

Hartmann has timely appealed to us.

II.    DISCUSSION[5]

On appeal, Hartmann raises two challenges to the Tax Court's decision. First, he argues that the Tax Court erroneously granted summary judgment because a genuine

---

[4] This second submission of Form 433-A omitted the page containing the income and expenses sheet, whereas the first submission included a blank income and expenses sheet. Hartmann sent the IRS a note in conjunction with the second submission suggesting that he was not sent a Form 433-A containing the income and expenses sheet.

[5] The Tax Court had jurisdiction under 26 U.S.C. § 6330(d)(1). We have

4

dispute of material fact exists regarding whether the Form 433-A that the IRS Appeals Office initially sent to him actually included the necessary income and expenses sheet. Second, he contends that no proper CDP hearing was primarily held because the Settlement Officer did not conduct an in-person hearing, nor was there any follow-up communication with Hartmann or at least one written or oral communication. Both of those arguments are unavailing.

As to Hartmann's argument regarding the merits of the Tax Court's summary judgment decision, it fails because it does not matter whether the IRS sent him an income and expenses sheet. The burden was on Hartmann to submit the information necessary to support his position. *See* Tax Ct. R. 142(a)(1) ("The burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court[.]"). There is no dispute that he did not do so.

Hartmann has cited no authority to establish that the IRS Appeals Office has a duty to send taxpayers the forms they need, and we have found no such authority. Nevertheless, the IRS explicitly advised Hartmann to complete the income and expenses

---

jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review a summary judgment decision of the Tax Court de novo. *Hartmann v. Comm'r*, 638 F.3d 248, 249 (3d Cir. 2011) (per curiam). Courts of Appeals review CDP decisions for abuse of discretion where, as here, the validity of the underlying tax liability is not at issue. *Kindred v. Comm'r*, 454 F.3d 688, 694 (7th Cir. 2006). Summary judgment may be granted if there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. *Hartmann*, 638 F.3d at 249. A material fact is any fact "that might affect the outcome of the suit[.]" *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (reaching that conclusion in the context of the Federal Rules of Civil Procedure). The party moving for summary judgment bears the burden of proof. *Craig v. Comm'r*, 119 T.C. 252, 260 (2002).

portion of Form 433-A after receiving his request for a CDP hearing. He failed to do that. Thus, there was no genuine dispute of material fact preventing summary judgment.[6]

We next turn to Hartmann's procedural argument. He says that the IRS conducted an improper CDP hearing by limiting the hearing to a six-minute conference call. In Hartmann's view, a CDP hearing must consist of a face-to-face meeting with the Settlement Officer or at least one written or oral communication with the Settlement Officer and a follow-up communication, none of which occurred here. But Hartmann is mistaken; no such requirements exist. *See* 26 U.S.C. §§ 6320(b)-(c); 6330(b) (listing the requirements of a CDP hearing). The CDP procedures do not demand that the Settlement Officer conduct a hearing, as Hartmann contends. On the contrary,

> CDP hearings are … informal in nature and do not require the Appeals officer … to hold a face-to-face meeting. A CDP hearing may, *but is not required to*, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof.

Treas. Reg. §§ 301.6320-1(d)(2), Q&A (D6)(2006), 301.6330-1(d)(2), Q&A (D6)(2006) (emphasis added). Thus, while it makes the word "hearing" a misnomer in this context, it is within the Settlement Officer's discretion to conduct a CDP hearing solely by reviewing the documents in the case file, without any further communication with the taxpayer. *Id*. §§ 301.6320-1(d)(2), Q&A (D7), 301.6330-1(d)(2), Q&A (D7).

---

[6] While we draw all reasonable inferences in favor of the nonmoving party, that party cannot solely rely on bald assertions, or the allegations of his pleadings, but must demonstrate there is a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49.

In sum, what Hartmann presents as a requirement is actually only an option, though perhaps a better one.  His procedural argument is therefore meritless.

III.  CONCLUSION

For the foregoing reasons, we will affirm the Tax Court's grant of summary judgment, upholding the proposed lien and levy.