**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2289
_____

JOHN A. HARTMANN,
                                        Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(U.S. Tax Court No. 23-06955)
Tax Court Judge:  Honorable Courtney D. Jones
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2024

Before: RESTREPO, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: January 16, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John A. Hartmann appeals pro se from the United States Tax Court's grant of summary judgment in favor of the Commissioner of Internal Revenue as to his tax liability and the proposed levy against him. For the following reasons, we will affirm.

I.

Hartmann failed to pay his taxes due in 2016. The Internal Revenue Service ("IRS") assessed a tax delinquency against him and issued a proposed levy to collect the taxes, along with interest. After the IRS notified Hartmann of its decision, Hartmann requested a Collection Due Process ("CDP") hearing. See generally 26 U.S.C. § 6330. Hartmann requested that the IRS consider an installment agreement, offer in compromise, or that he could not pay the tax balance as collection alternatives, and he stated that the tax penalties were not reasonable.

Accordingly, the IRS Office of Appeals scheduled the hearing. Meanwhile, the IRS sent Hartmann letters telling him to submit the offer in compromise form, a collection information statement, his tax returns for years 2018 through 2021, and proof of current estimated tax payments for the year to date (2022).

A Settlement Officer held the CDP hearing. Because Hartmann had not yet submitted all the requested documents, the Officer told him what he still needed to submit and scheduled a follow-up conference. At the follow-up conference, the Officer still had not received all the requested tax returns, although Hartmann stated that he had sent his returns for 2018 and 2019, and that he was working on his returns for 2020 and 2021. The Officer also informed Hartmann that to be eligible for a requested collection

2

alternative, Hartmann had to file the requisite tax returns and submit proof of estimate payments for tax year 2022. The Officer gave Hartmann more time to submit the documents.

Hartmann submitted his collection information statement, in which he stated he made approximately $14,000 monthly and spent about $8,000 monthly, meaning he could pay $6,000 monthly toward his tax liabilities. The Officer and Hartmann had more follow-up phone conversations, where the Officer informed Hartmann that she had not received any of the requested tax returns. Hartmann stated he had already submitted his 2018, 2019, and 2020 tax returns, and he was still preparing his 2021 return. Over a month later, the Officer again reviewed Hartmann's file and noted that all the requested tax returns remained unfiled.

The IRS Office of Appeals sustained the proposed levy because Hartmann failed to submit his tax returns and proof of estimated payments, and he showed the ability to pay $6,000 per month toward his tax liabilities. Hartmann petitioned the Tax Court for review. Then, the Commissioner of Internal Revenue moved for summary judgment. Tax Court granted the motion and concluded that the IRS Office of Appeals did not abuse its discretion by sustaining the levy and rejecting a collection alternative. Hartmann appealed to this Court.[1]

---

[1] Hartmann has filed several appeals in similar cases before the Tax Court. See generally Hartmann v. Comm'r, 785 F. App'x 906 (3d Cir. 2019); Hartmann v. Comm'r, 667 F. App'x 374 (3d Cir. 2016) (per curiam); Hartmann v. Comm'r, 638 F.3d 248 (3d Cir. 2011) (per curiam); Hartmann v. Comm'r, 351 F. App'x 624 (3d Cir. 2009) (per curiam).

II.

We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review the Tax Court's summary judgment decision de novo. Hartmann v. Comm'r, 638 F.3d 248, 249 (3d Cir. 2011) (per curiam). When, as here, the underlying tax liability is not at issue, we review CDP decisions for abuse of discretion.[2] See Kindred v. Comm'r, 454 F.3d 688, 694 (7th Cir. 2006). The Tax Court may grant summary judgment if there is no genuine dispute as to any material fact and judgment could be entered as a matter of law. Hartmann, 638 F.3d at 249.

Hartmann raises two challenges to the Tax Court's decision. First, he argues that he was not informed that the failure to pay his estimated 2022 tax payments would be fatal to securing a collection alternative. His argument is unsupported by the record. The Settlement Officer informed Hartmann multiple times that he needed to file his 2018-2021 tax returns and make estimated tax payments for the 2022 tax year to be eligible for a collection alternative. Second, Hartmann argues that he attempted to send his 2020 tax return, but the mail was not delivered. Even if that were true, Hartmann still failed to submit the other required documents, including his tax returns for 2018, 2019, and 2021, and his proof of estimated payments for 2022.[3]

---

[2] Although Hartmann stated in the CDP hearing request form that he did not believe the tax penalties were reasonable, he did not offer any evidence to support his claim, nor did he raise the issue in his petition to the Tax Court. See 26 U.S.C. § 6651(a); see also Tax Court Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

[3] Hartmann did not dispute this in his Tax Court petition nor in his opposition to summary judgment; he only disputed that he failed to submit his 2020 tax return.

Requiring Hartmann's tax returns and payment compliance for collection alternative eligibility was within the IRS's discretion. See Hartmann, 638 F.3d at 250-51. We agree with the Tax Court that the IRS did not abuse its discretion by sustaining the proposed levy because Hartmann failed to provide the necessary documentation and did not otherwise show he was eligible for a collection alternative. Because Hartmann's arguments on appeal did not demonstrate the existence of a genuine issue of material fact, or that the IRS is not entitled to judgment as a matter of law, we will affirm the Tax Court's grant of summary judgment.