**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1398
_____

CHRISTOPHER WOLFINGTON,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(U.S. Tax Court No. 24-10975)
Tax Court Judge: Courtney D. Jones
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 25, 2025

Before: KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed October 16, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Christopher Wolfington appeals from a decision by the United States Tax Court. For the reasons that follow, we will affirm the Tax Court's decision.

In December 2021, pursuant to an agreement by the parties, the Tax Court determined that Wolfington owed federal income taxes for 2008, 2009, and 2010. In November 2023, the Internal Revenue Service (IRS) issued a Notice of Intent to Levy to collect those delinquent taxes. Wolfington requested a Collection Due Process hearing (CDP) as well as the collection alternatives of an Offer in Compromise and Currently Not Collectible status. In March 2024, an appeals officer informed him of the requirements for a collection alternative: submitting certain forms as well as filing his tax returns for 2017-2023. In June 2024, after Wolfington had been contacted several times and had submitted none of the required materials, the Office of Appeals sustained the levy and issued a Notice of Determination.

Wolfington then filed a petition in the Tax Court.[1] Both Wolfington and the IRS filed motions for summary judgment. The Tax Court granted the IRS's motion for summary judgment and denied Wolfington's motion. Wolfington filed a notice of appeal.

---

[1] Wolfington appears to argue that the Notice of Determination was held at the post office and not "delivered" to him. The Tax Court noted that Wolfington attached the Notice of Determination to his petition to the Tax Court. Thus, he received the Notice of Determination and was able to timely petition the Tax Court.

We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review the Tax Court's summary judgment decision de novo. Hartmann v. Comm'r, 638 F.3d 248, 249 (3d Cir. 2011) (per curiam). When, as here, the underlying tax liability is not at issue, we review CDP decisions for abuse of discretion. See Kindred v. Comm'r, 454 F.3d 688, 694 (7th Cir. 2006). The Tax Court may grant summary judgment if there is no genuine dispute as to any material fact and judgment could be entered as a matter of law. Hartmann, 638 F.3d at 249.

In his brief, Wolfington argues that the Tax Court erred in granting summary judgment because material facts remained in dispute.[2] He asserts that the disputed issues were whether deadlines were communicated and whether the IRS considered his efforts to comply. There is no dispute that deadlines were communicated to Wolfington. When he filed his request for a Collection Due Process Hearing, the Appeals Officer informed him in a letter dated March 14, 2024, that, in order to be eligible for a collection alternative, he needed to provide certain forms as well as file his tax returns for the years 2017-2023. He was told to send those forms within 14 days and the tax returns within 21 days. See A.R. at No. 6-R; Hartman, 638 F.3d at 250 (noting that "there is no dispute that the [Settlement Officer's] letter explicitly informed him that alternative collection methods would not be considered absent timely submission of the required

---

[2] In his summary judgment motion in the Tax Court, Wolfington contended that there were no disputed facts. See Tax Court Record at 15.

3

documentation"). Wolfington does not dispute that in the almost 12 weeks between the March 14, 2024 letter and the June 5, 2024 Notice of Determination, he submitted none of the required forms or tax returns. The Tax Court did not err in determining that there was no genuine dispute of *material* fact and that the IRS was entitled to summary judgment.

Wolfington also contends that the Tax Court erred in denying him the opportunity to conduct discovery. Wolfington suggests that he needed to depose the Appeals Officer because her credibility, discretion, and adherence to procedure were central to the outcome of the petition. A Standing Pretrial Order sent in September 2024, informed him that no later than 45 days before the first day of the trial session,[3] the parties should file any motions related to discovery. See A.R. at No. 8. Wolfington does not allege that he timely requested discovery in the Tax Court.[4]

Next, Wolfington argues that the Appeals Officer did not properly consider the collection alternatives of an Offer in Compromise or a request for Currently Not

---

[3] The first day of the trial session was February 24, 2025.

[4] In his reply brief, Wolfington also complains that the Tax Court directed him to not submit documentation. He is referring to a notation on the form for petitioning the Tax Court. After explaining that the petitioner may use additional pages to explain why he disagrees with the IRS action or to state additional facts, the form requests that the petitioner not submit "tax forms, receipts, or other types of evidence with this petition." A.R. at No. 1. Clearly, this language does not direct a petitioner to *never* submit documentation; it simply informs the petitioner that such documentation is not to be submitted *as part of the petition*.

4

Collectible status.  The Appeals Officer, however, could not consider these alternatives because Wolfington did not submit the required forms for these alternatives.  See Hartman, 638 F.3d at 250 (agreeing with Tax Court that IRS did not abuse its discretion in sustaining a levy where the taxpayer failed to comply with the requirement for a collection alternative).  Likewise, the Tax Court did not abuse its discretion when it failed to consider whether the Appeals Officer acted arbitrarily.  Again, the Appeals Officer could not consider any alternatives due to the lack of required documentation.  The IRS did not abuse its discretion by sustaining the levy.

For the above reasons, as well as those set forth by the Tax Court, we will affirm the Tax Court's February 13, 2025 decision.  Wolfington's motion to file his reply brief out of time is granted.